FILED

Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Nazareth Haysbert

2013 JUN 19 PM 2: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NAZARETH HAYSBERT, an Individual;

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC is a business entity, form unknown; and DOES 1-10, Inclusive,

    Defendants.

Case No.: CV 13-04428-GAF (MANx)

**COMPLAINT FOR DAMAGES:**

1. FAIR CREDIT REPORTING ACT.

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff NAZARETH HAYSBERT ("Plaintiff") is a resident of County of Los Angeles, State of California.

2. Defendant EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX), a business entity, form unknown, doing business in the State of California as a

credit bureau which receives negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

---

COMPLAINT FOR DAMAGES

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil

Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. Defendant EQUIFAX is a credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. Plaintiff graduated Pepperdine Law School in June of 2012. FedLoan Services mistakenly reported that Plaintiff graduated in January of 2012, causing his credit reports to reflect late payments as of September 2012. This appeared as 120 days late in December 2012.

9. On or about January 3, 2013, Plaintiff received a letter dated January 1, 2013 stating that his application for a Sallie Mae student bar loan in the amount of $15,000 had been declined based on information displayed by Equifax.

10. On or about January 3, 2013, Fedloan Servicing sent correspondence to Plaintiff stating that they determined that they incorrectly reported negative credit information to each nationwide consumer reporting agency. This letter also advised Plaintiff that Fedloan Servicing requested each agency to correct any derogatory reference regarding Plaintiff's Fedlaon Servicing accounts.

11. On or about January 8, 2013, Plaintiff made several telephone calls and faxed a letter to EQUIFAX requesting an investigation and removal of the Fedloan Servicing derrogatories along with a copy of the letter from Fedloan Servicing

dated January 3, 2013 acknowledging incorrect reporting of negative credit information to assist them in their investigation. The accounts appearing in default were: 1) Fedloan Servicing account #9666724898FDO opened on 8.1.11, High Limit: $4,118, Account History Status Code 2 (60 – 90 days past due); 2) Fedloan Servicing account #9666724898FDO opened on 4.3.11, High Limit: $6,196, Account History Status Code 2 (60 – 90 days past due); 3) Fedloan Servicing account #9666724898FDO opened on 5.31.11, High Limit $8,767, Account History Status Code 2 (60 – 90 days past due); 4) Fedloan Servicing account #9666724898FDO opened on 8.30.11, High Limit: $8,500, Account History Status Code 2 (60 – 90 days past due).

12. On or about February 8, 2013, Plaintiff received a credit report from EQUIFAX reporting the same Fedloan derrogatories.

13. Since January 2013, Plaintiff has repeatedly been denied credit and has also been denied a decrease in APR and increases in credit limit on certain credit cards based on negative information obtained from consumer credit reports.

14. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

15. Within the past several months, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

    a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

    b. By willfully and negligently failing to correct, after receiving ample

notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff' file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff' complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants.

16. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

17. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: June 18, 2013            **ROBERT F. BRENNAN, A P.C.**

By: _____
Robert F. Brennan
Attorney for Plaintiff

---

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV13- 4428 GAF (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NAZARETH HAYSBERT, an Individual;

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES, LLC is a business entity, form unknown; DOES 1-10, Inclusive,

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles California

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta, CA 91214 Telephone 818-249-5291

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**CV13-04428**

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Equifax - Georgia

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_       **Date** June 18, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |